IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RONNIE J. FLOYD AND SHERRIE FLOYD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:06-CV-69 ) |
| SWIFT TRANSPORTATION CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of defendant's[1] "Motion to Dismiss and/or Transfer Venue" [doc. 5]. Plaintiffs have responded in opposition to the motion [doc. 9]. The court has determined that a hearing is not necessary, and the motion is ripe for the court's determination. For the reasons stated herein, the motion will be denied.

I.

This lawsuit was originally filed in the Circuit Court for Jefferson County, Tennessee and was removed to this court by the defendant on the basis of diversity jurisdiction [doc. 1]. The accident which is the subject of this case occurred in Roland, Oklahoma on February 11, 2004. According to defendant, Roland, Oklahoma is located

---

[1] Defendant states that its proper name is "Swift Transportation Co., Inc." and that it was improperly sued as "Swift Transportation Corporation."

within the Eastern District of Oklahoma. Defendant also represents that it has a terminal in Memphis, Tennessee.

Plaintiff Ronnie Floyd alleges that the accident occurred while he was sleeping in the cab of his truck at a truck stop. He contends that his vehicle was struck by a truck owned by defendant and that he was thrown from the sleeping compartment, causing him injury. Plaintiff Sherrie Floyd has sued for loss of consortium.

II.

Defendant has moved pursuant to 28 U.S.C. § 1406 to dismiss this case or transfer it to the Western District of Tennessee or the Eastern District of Oklahoma and also pursuant to 28 U.S.C. § 1404 to transfer the case to either of those districts for the convenience of the parties.

Defendant first argues that the underlying venue in the state court was improper and that based on derivative jurisdiction venue can be challenged in this court. Defendant argues that under Tennessee law the underlying lawsuit is a transitory action and that pursuant to Tennessee Code Annotated section 20-4-101(a) it should have been filed where the cause of action arose or in the county where the defendant resides or is found. Since it was not, defendant argues that venue in the state court was not proper. Relying primarily on *PT United Can Company Ltd. v. Crown Cork & Seal Company, Inc.*, 138 F.3d 65 (2nd Cir. 1998), which based its venue discussion on derivative jurisdiction, defendant contends that

2

pursuant to § 1406 this case should be dismissed or transferred to the Eastern District of Oklahoma or the Western District of Tennessee. The court does not agree.

The judicial doctrine of derivative jurisdiction was overruled in 1986 with the passage by Congress of 28 U.S.C. § 1441(e). *Morda v. Klein*, 865 F.2d 782, 783 (6th Cir. 1989).

> In 1986 Congress amended § 1441, the general removal provision, by adding subsection (e). That subsection provides that a district court to which a civil action is removed is not precluded from hearing and determining any claim simply because the state court from which the action was removed did not have jurisdiction over that claim. . . . [Section] 1441(e)has abrogated the theory of derivative jurisdiction. While it was once settled law that a federal court's removal jurisdiction was derived from the state court's jurisdiction, this rule has been abolished by [§ 1441(e)].

*Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1298 (11th Cir. 2001) (internal quotation marks and citations omitted). In *Hollis*, the Eleventh Circuit had before it the same question raised in this case, "whether a defendant can obtain dismissal of a removed action on the ground that, when originally filed in state court, the action lacked proper venue under state law." *Id* at 1296. The *Hollis* Court determined that because of § 1441(e), state-law venue deficiencies can no longer be the basis for dismissing a removed action. *Id.* "Upon removal the question of venue is governed by federal law, not state law, and under § 1441(a) a properly removed action necessarily fixes venue in the district where the state court action was pending." *Id.; see also Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202 (M.D. Fla. 2002); *Shivers v. Sherman Acquisition, II, L.P.*, No. 4:06 CV 30, 2006 WL 633272, at *1 (N.D. Ohio Mar. 9,

3

2006) ("[T]he proper statutory authority on venue for removed actions is found in § 1441(a) and not the underlying state rules.").

"Venue in removed cases is governed solely by § 1441(a)."[2] *Kerobo v. SW. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). The general venue provision of 28 U.S.C. § 1391 does not apply in cases removed from state court. *Jeffrey Mining Prods. v. Left Fork Mining Co.*, 992 F. Supp. 937, 938 (N.D. Ohio 1997) (citing *Bacik v. Peek*, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993)). Section 1441(a) sets federal venue in the district where the state case is pending as a matter of law. Thus, "[a] defendant who removes an action from state to federal court cannot then turn around and request a venue transfer pursuant to § 1406(a), the applicable statute where venue in the transferring court is improper, because that party implicitly sanctioned venue in the federal district where he sought to move the state lawsuit." *Jeffrey Mining*, 992 F. Supp. at 938 (citation omitted); *see also Hollis,* 259 F.3d at 1299; *Bacik*, 888 F. Supp. at 1413.

---

[2] Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4

Venue is proper in this court whether or not venue was proper in the state court from which this case was removed. Accordingly, defendant cannot seek to dismiss or transfer this case pursuant to § 1406(a), because that provision does not apply. However, defendant may seek a transfer pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties.[3]

When considering a motion to transfer based on § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citations omitted). "The private interests courts consider also include the plaintiff's choice of forum and the location of records as well as the convenience of witnesses, but the plaintiff's choice of forum is entitled to 'great weight.'" *Jeffrey Mining*, 992 F. Supp. at 938 (citing *Bacik*, 888 F. Supp. at 1414). "Foremost consideration must be given to the plaintiff's choice of forum. A motion for change of venue is properly granted when the balance weighs 'strongly in favor of transfer.'" *W. American Ins. Co. v. Potts,* No. 89-6091, 1990 WL 104034, at *2 (6th Cir.

---

[3] Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

5

July 25, 1990) (citations omitted).

A district court has broad discretion in deciding whether to grant or deny a motion to transfer pursuant to § 1404(a). *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). In addition, the party seeking the transfer typically bears the burden of showing that another forum is more convenient. *Viron Int'l Corp. v. David Boland, Inc*., 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). Therefore, the defendant herein has the burden of demonstrating that the Eastern District of Oklahoma or the Western District of Tennessee are more convenient than this forum.

The court begins by deciding that the Western District of Tennessee is not a viable location for transferring this case. A transfer to the Western District of Tennessee would be solely for the benefit and convenience of the defendant and not for the parties. Plaintiff has absolutely no connection with the Western District of Tennessee, and nothing pertaining to the accident occurred there. However, defendant has a terminal in Memphis, Tennessee, and its primary counsel is located in Memphis, where the District Court for the Western District of Tennessee is located.[4] "A § 1404(a) venue transfer is not meant to merely shift the inconvenience to the plaintiff." *Shivers*, 2006 WL 633272 at *3 (internal quotation marks and citations omitted). In the court's opinion, the only realistic transfer option is to the Eastern District of Oklahoma, and therefore the court will only analyze the factors for a § 1404(a) change of venue as they apply to a transfer to the Eastern District of Oklahoma.

---

[4] Defendant also has local counsel in Knoxville, Tennessee where this court is located.

6

*Convenience of the Parties*

The court will look first to the convenience of the parties. Courts generally "grant substantial deference to a plaintiff's chosen forum, especially where, as here, the plaintiff lives in his chosen jurisdiction." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) (citation omitted). Plaintiff chose this jurisdiction in the sense that he filed in the state court for his home county, which is encompassed by this district. This factor weighs in plaintiff's favor and against transfer.

Defendant states that it is a Nevada corporation with its principle place of business in Phoenix, Arizona. In light of that fact, defending this case here is no less inconvenient than defending it in the Eastern District of Oklahoma. The court finds that the convenience of the parties weighs substantially in favor of denying transfer.

*Convenience of the Witnesses*

It has been stated that "the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a) is the convenience of witnesses." *Bacik*, 888 F. Supp. at 1414 (citing 15 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 at 415 (1986)); *see also Home Depot*, 131 F. Supp. 2d at 937 ("Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a).").

Defendant does not specifically identify any witnesses or their location but merely states that the location of witnesses to the accident "would presumably be in and around Roland, Oklahoma." In fact, defendant does not even identify the name and location of the driver of its truck who was involved in the accident and who would presumably be a witness to the accident. The court cannot fully assess the convenience of the witnesses without having information about their location and the materiality of their testimony. *Id.*

However, plaintiff identifies his co-driver Tom Struble as a witness to the accident. In the record is the affidavit of Mr. Struble showing that he is a resident of Knox County, Tennessee and therefore, like the plaintiff, he is a resident in the Eastern District of Tennessee. The information presently before the court indicates that two witnesses have been identified and both reside within the Eastern District of Tennessee. Based on the record before it, the court concludes that the factor of witness convenience weighs in favor of plaintiff and against transfer.

Defendant also argues that the "location of sources of proof" and the "location of events that gave rise to the suit" weigh in favor of transferring the case to the Eastern District of Oklahoma. While it may be necessary for counsel to visit the site of the accident, at this point there is no showing that trying the case close to the accident site is a critical matter. Pictures and videos can be taken for use at trial, and this court is capable of applying the law of Oklahoma. Whether the case remains here or is transferred to Oklahoma, plaintiff will have the expense of visiting the accident site as will defendant. These factors do not

8

tend to weigh in favor of either party.

*Interests of Justice*

The court does not believe that the interests of justice would be served by transferring this case to the Eastern District of Oklahoma. Neither party is located in Oklahoma. Defendant is a trucking company that operates nationally. Plaintiff is an individual who presumably continues to be a tractor-trailer driver. Justice and fairness would be best served by having this case remain in the district where plaintiff resides.

The court concludes that factors considered weigh in favor of not transferring this case to the Eastern District of Oklahoma. Accordingly, defendant's motion will be denied. An order reflecting this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge